IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC M. MISCOVITCH,    : | |
|     Plaintiff,    : | |
| : | CIVIL ACTION |
|         v.    : | NO. 09-2699 |
| : | |
| LT. JUDGE, et al.,    : | |
|     Defendants.    : | |
| : | |

**MEMORANDUM OPINION AND ORDER**

Rufe, J.                                                                                                   April 30, 2012

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. For the reasons set forth herein, Defendants' Motion is granted as to Plaintiff's claims against Defendant Graterford Superintendent David DiGuglielmo and denied as to Plaintiff's claims against Defendants Lieutenant Charles Judge and Sergeant Jeffrey Zimmerman.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff Eric Miskovitch is an inmate previously housed in the Restricted Housing Unit ("RHU") of SCI Graterford.[2]  Between his arrival at SCI Graterford on September 20, 2005, and his temporary transfer to Pittsburgh on December 21, 2006, he filed over 60 grievances against RHU staff.[3]  Upon returning from Pittsburgh on February 12, 2007, he discovered that several

---

[1] The facts as stated herein are those alleged in the first amended complaint, which are presumed to be true for the purpose of this motion.

[2] Am. Compl. ¶ 4.

[3] Am. Compl. ¶ 88.

1

personal items were missing from his cell, to which only RHU staff had access.[4] On March 24, 2007, Sergeant Zimmerman planted contraband—a corrections officer's uniform catalog—in Plaintiff's cell so that Plaintiff would fail a cell search and be denied release from the RHU.[5] Finally, from April 15, 2007 to April 22, 2007, the floor of his RHU section was covered in inmates' urine and feces, which seeped under his cell door and into the ventilation system.[6] Lieutenant Judge ordered RHU staff and inmate janitors not to clean the floor until April 22, the day before an inspection.[7] Plaintiff complained to Superintendent DiGuglielmo about the waste on April 20, 2007, but DiGuglielmo took no action until July 2007 when he ordered an investigation.[8] Plaintiff claims that the three incidents were acts of illegal retaliation against him, motivated by his exercise of his First Amendment rights to file grievances against prison personnel. He also alleges that he was subjected to cruel and unusual punishment when he was exposed to human waste on the floor outside his cell door for eight days.

Plaintiff first raised these claims in a proposed "Supplement to Complaint" filed in the Western District of Pennsylvania in November 2008.[9] On April 21, 2009, a magistrate judge in the Western District of Pennsylvania denied Plaintiff's motion for leave to supplement his complaint, finding that the claims raised in the proposed Supplement were situated in this

---

[4] Am. Compl. at ¶¶ 36, 39, 43. The missing items included a television, a radio, cosmetics, family photos, mail, drafts of his novel, clothing, and food items. Am. Compl. at ¶ 42.

[5] Am. Compl. at ¶¶ 55-56, 58.

[6] Am. Compl. at ¶¶ 71-72.

[7] Am. Compl. at ¶¶ 78-79.

[8] Am. Compl. at ¶¶ 77, 104, 111.

[9] Miskovitch v. Lt. Hostoffer, et al., No. 06-1410, Doc. No. 79 (W.D. Pa. Nov. 26, 2008).

District. Plaintiff filed objections to the magistrate's decision. The district court judge denied the objections on May 7, 2009. Plaintiff then filed his *pro se* Complaint in this District on June 15, 2009, naming only corrections officers Judge and Zimmerman as defendants. On December 14, 2011, having obtained counsel, Plaintiff filed an Amended Complaint, which added DiGuglielmo as a defendant.[10] Counts I-III of the Amended Complaint allege that Defendants stole Plaintiff's possessions, planted contraband, and refused to clean the floor in retaliation for Plaintiff's grievances against SCI Graterford staff.[11] Count IV alleges that the 8-day exposure to human waste was cruel and unusual punishment.[12]

## II. STANDARD OF REVIEW

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[13] In determining whether a motion to dismiss is appropriate the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[14] Courts are not bound to accept as true legal conclusions

---

[10] On December 23, 2009, at Plaintiff's request, the Court referred this case to the Prisoner's Civil Rights Panel for appointment of counsel. As there was a sizable waiting list of plaintiffs seeking counsel from the Panel, there was a significant delay before counsel was appointed for Plaintiff. Ultimately, the firm of Dilworth Paxson LLP agreed to represent plaintiff, and counsel entered their appearances on October 18, 2011. Counsel were granted leave to file an amended complaint on or before December 14, 2011, and timely filed the amended complaint.

[11] Am. Compl. at ¶¶ 96, 102.

[12] Am. Compl. at ¶ 109.

[13] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[14] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

couched as factual allegations.[15]  Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[16]  The complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[17]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[18]

### III.   DISCUSSION

####   A.   Statute of Limitations

A district court may dismiss a complaint on a 12(b)(6) motion for failure to file within the statute of limitations only if it can determine, before the factual record is fully developed, when the claim accrued and whether any tolling periods apply.[19]  In addition to the complaint, at this stage in the litigation the Court may consider matters of public record, exhibits to the complaint, and undisputedly authentic documents attached to the motion to dismiss.[20]

"The length of the statute of limitations for a [42 U.S.C.] § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose."[21]  In Pennsylvania, this

---

[15] Twombly, 550 U.S. at 555, 564.

[16] Id. at 570.

[17] Id. at 562.

[18] Id. at 562 (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d. 39, 42-43 (6th Cir. 1988).

[19] Oshiver v. Leven, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n.1 (3d Cir. 1994)("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a 12(b)(6) motion, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.")

[20] Delaware Nation v. Pennsylvnia, 446 F.3d 410, 413 at n.2 (3d Cir. 2006); Pryor v. Nat'l Collegiate Athletic Assoc., 288 F.3d 548, 560 (3d Cir. 2002).

[21] Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)).

period is two years.[22]  While the statute of limitations itself is a matter of state law, the accrual date of a §1983 claim is a matter of federal law, and under federal law, the statute of limitations begins to run when plaintiff has a "complete and present cause of action."[23]  Therefore, Plaintiff's claims accrued on the "days when the alleged incidents on which each claim is based occurred, since that is when he knew of his injuries."[24]

However, in the context of prisoner's civil rights litigation under § 1983, the Prison Litigation Reform Act ("PLRA") makes the exhaustion of administrative remedies a pre-requisite to filing a lawsuit.[25]  Therefore, the Court finds that the statute of limitations was tolled while Plaintiff pursued his administrative remedies.[26]

Miskovitch alleges that his available administrative remedies were exhausted as to Count I on May 18, 2007; as to Count II on May 8, 2007; and as to Counts III and IV on August 24, 2007.[27]  However, it is not clear from the face of the Complaint when the administrative remedies

---

[22] 42 Pa. Cons. Stat. § 5524(2) (requiring "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" to be commenced within two years).

[23] Wallace, 549 U.S. at 388.

[24] Adderly v. Ferrier, 419 Fed. App'x 135, 137 (3d Cir. 2011); Sameric Corp. Of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

[25] 42 U.S.C. § 1997e(a).

[26] Wright v. O'Hara, No. 00-1557, 2004 WL 1793018, at * 6 (E.D. Pa. Aug. 11, 2004) (citing Burgh v. Borough Council of Montrose, 251 F.3d 465, 470-71 (3d Cir. 2001)); Drain v. McLeon, 04-1589 (2007 WL 172349, at *5 (E.D. Pa. Jan. 19, 2007) (tolling the statute of limitations on a § 1983 claim for exhaustion of administrative remedies, citing the Sixth and Seventh Circuits).  The Third Circuit has yet to decide this issue, but has recognized that other circuits have found that the statute of limitations applicable to § 1983 claims is tolled while a prisoner exhausts available administrative remedies.  Adderly v. Ferrier, 419 F. App'x 135, 137 (3d Cir. 2011) (citing Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000)).

[27] Am. Compl. ¶¶ 48, 70, 81.

were initiated. Therefore, it is impossible to calculate the tolling period for the exhaustion of administrative remedies with precision at this stage in the litigation.

Additional equitable tolling may be available to a Plaintiff if the Court finds that he "timely assert[ed] his or her rights mistakenly in the wrong forum."[28] This remedy is "extraordinary" and extended "only sparingly."[29] The plaintiff must demonstrate that he "exercised due diligence in pursuing and preserving [his] claim."[30] Here, the Court finds that Miskovitch is entitled to equitable tolling because he timely asserted his claims, albeit in the wrong forum, and demonstrated due diligence in preserving his claim by first pursuing administrative remedies.[31] As he was proceeding *pro se* at the time, and had other claims properly pending before the Western District of Pennsylvania, the Court finds Miskovitch's mistake as to the proper forum was excusable. Accordingly, the Court will toll the statute of limitations for the period between November 26, 2008, when Miskovitch filed his Supplement to Complaint in the Western District of Pennsylvania, and May 7, 2009, when the Supplement was dismissed.

After discovery is complete, and upon a proper motion from Defendants, the Court will determine whether the claims against Zimmerman and Judge were asserted within the applicable statute of limitations, applying the equitable tolling periods discussed above.

---

[28] Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)).

[29] Santos, 559 F.3d at 197 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

[30] Id. (citing Irwin, 498 U.S. at 96).

[31] See Adderly, 419 F. App'x at 137 (holding that plaintiff was entitled to equitable tolling for timely but erroneously asserting his § 1983 claims in the Eastern District of Pennsylvania instead of the Western District of Pennsylvania).

Although DiGuglielmo was a named defendant in the Western District of Pennsylvania action, Plaintiff did not assert claims against DiGuglielmo in his initial Complaint in this Court, nor was DiGuglielmo served with that Complaint. Plaintiff added DiGuglielmo as a party when he filed his Amended Complaint on December 14, 2011. The Amended Complaint was filed more than four years after Plaintiff exhausted his administrative remedies on the relevant claims, and more than two years after the Supplement to Complaint was dismissed by the Western District of Pennsylvania. Therefore, even applying equitable tolling, Plaintiff's claims against DiGuglielmo are clearly out of time and will be dismissed.[32]

B.   Count II States a Claim of Retaliation

In Count II, Plaintiff alleges that Defendant Zimmerman planted contraband in his cell, triggering a disciplinary action, which ultimately prevented Plaintiff's release from the RHU to general prison housing, in retaliation for multiple grievances Plaintiff had filed against SCI Graterford personnel.

"A prisoner bringing a retaliation claim must show that: (1) the conduct that triggered the alleged retaliation was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials that 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights'; and (3) there is 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'"[33] Here, Defendants challenge Plaintiff's pleading of the second element of a retaliation claim, arguing that "[t]he filing of a prison

---

[32] The Court notes that Miskovitch voluntarily withdrew Counts I and II as to DiGuglielmo. Doc. No. 38, n.4.

[33] Bonaparte v. Beck, 374 F. App'x 351, 353 (3d Cir. 2010) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).

7

disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited 'retaliation' unless the report is, in fact, false."[34] Defendants argue that, as Miskovitch was found guilty of possessing contraband through the internal disciplinary process, he is precluded from alleging that the misconduct report was falsified. The Court disagrees. Although Plaintiff will need to produce evidence to support his factual allegations of innocence at later stages of this litigation,[35] the finding of guilt during the internal disciplinary process does not require dismissal of the retaliation claim at this point in the litigation.[36] At this stage, the Court finds that Plaintiff has sufficiently alleged that Defendants planted the contraband and filed a false misconduct report in retaliation for his grievance filings.

    C.    <u>Failure to Exhaust Administrative Remedies</u>

As noted above, pursuant to the PLRA, a prisoner must exhaust all available administrative remedies before bringing a § 1983 with respect to prison conditions.[37] Here, Defendants argue not that Plaintiff has failed to exhaust, but only that Plaintiff has failed to adequately *allege* exhaustion. Defendants mistakenly attribute the burden of pleading and proving exhaustion to Plaintiff.

The Supreme Court has concluded that "failure to exhaust is an affirmative defense under

---

[34] Quoting Walker v. Campbell, No. 09-282, 2011 WL 6153104, at *7 (W.D. Pa. Oct. 31, 2011).

[35] Bonaparte v. Beck, 441 F. App'x 830, 832 (3d Cir. 2011) (affirming summary judgment where the plaintiff did not produce evidence suggesting innocence).

[36] Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Bonaparte v. Beck, 374 F. App'x 351, 353-54 (3d Cir. 2010) (pro se plaintiff alleged that he filed a grievance against his supervisor and she then filed a false incident report against him in retaliation; despite the fact that he was found guilty of the incident, the court held that the plaintiff had alleged sufficient facts to defeat a motion to dismiss his retaliation claim).

[37] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."[38]  Rather, the defendant must plead and prove the affirmative defense of failure to exhaust.[39]  Such a requirement is fair, as "it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion," due to prison officials' greater legal expertise and better access to administrative records.[40]  Consequently, this Court will not dismiss Plaintiff's claims on the grounds of failure to adequately plead exhaustion of administrative remedies.[41]

## IV.  CONCLUSION

For the foregoing reasons, this Court will dismiss Plaintiff's claims against Defendant DiGuglielmo, as they were not filed within the applicable statute of limitations.  However, Plaintiff may pursue his claims against Defendants Judge and Zimmerman.

An appropriate order follows.

---

[38] Jones v. Bock, 549 U.S. 199, 216 (2007).

[39] Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[40] Id.

[41] In their Reply brief, Defendants allege that Plaintiff erroneously started an appeal of the finding that he was guilty of possessing the uniform catalog without first filing for immediate review.  However, Count II challenges the retaliatory act (planting of contraband in Plaintiff's cell), not the resultant ruling of guilt.  Therefore, without further factual development, the Court cannot determine that Plaintiff failed to exhaust available administrative remedies with regard to Count II.
  Defendants also argue in their Reply brief that Plaintiff failed to allege *retaliation* in his administrative complaints regarding the theft of his personal belongings and the unsanitary conditions outside his cell (Counts I and III).  As the burden is not on Plaintiff to plead exhaustion, and as Plaintiff has not had the benefit of discovery, the Court will defer ruling on the adequacy of Plaintiff's administrative complaints until the record is fully developed.